IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIRST CITIZENS BANK AND
TRUST COMPANY, INC.,

                    Plaintiff,

          v.                                         1:14-cv-293-WSD

MJI, LLC and POLLYANN S.
CAMPBELL,

                    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff First Citizens Bank and Trust

Company, Inc.'s ("Plaintiff") Motion for Default Judgment as to MJI, LLC [8]

("Motion").

## I.      BACKGROUND

On January 31, 2014, Plaintiff filed this action against Defendants MJI, LLC

("MJI") and Pollyann S. Campbell ("Campbell") (collectively the "Defendants").

Plaintiff alleges that MJI, whose sole member is Campbell, and Campbell received

separate loans from Georgian Bank in exchange for separate promissory notes,

secured by separate property.  (Complaint ¶¶ 2-3, 7-8, 11-12, 16-17, 19-20).

MJI delivered a promissory note in the original amount of $75,000 (the "MJI Note") to Georgian Bank.  (Id. ¶ 7).  The MJI Note obligated MJI to pay Georgian Bank, or its successors, all amounts due under the MJI Note, including principal, interest, and other charges, and costs and expenses to collect amounts due under the MJI Note, including court costs and including attorneys' fees in the amount of fifteen percent of the remaining note principal ("MJI Indebtedness").  (Id. ¶¶ 8-9). Plaintiff alleges that Campbell executed a guaranty ("Guaranty") whereby she guaranteed MJI's payment and performance under the MJI Note.  (Id. ¶ 10).

Campbell delivered a promissory note in the original amount of $88,500 (the "Campbell Note") to Georgian Bank, which obligated Campbell to pay Georgian Bank or its successors all amounts due under the Campbell Note, including principal, interest, and other charges, and costs and expenses to collect amounts due under the Campbell Note, including court costs and including attorneys' fees in the amount of fifteen percent of the remaining note principal ("Campbell Indebtedness").  (Id. ¶¶ 16-18).

Plaintiff alleges that the Georgia Department of Banking and Finance closed Georgian Bank, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as its receiver.  (Id. ¶ 24).  The FDIC and Plaintiff entered into a

purchase agreement by which Plaintiff took possession and ownership of the MJI Note, Campbell Note, MJI Indebtedness, and Campbell Indebtedness.  (Id. ¶ 26).

Plaintiff alleges that MJI breached its obligation under the MJI Note by failing to pay the note on or before its maturity date, and that Campbell has breached her obligation under the Guaranty by failing to pay the outstanding MJI Indebtedness as required by the Guaranty.  (Id. ¶ 29-31).  Plaintiff alleges that the MJI Indebtedness, as of January 30, 2014, totals $78,299.72, exclusive of Plaintiff's attorneys' fees and collection costs.  (Id. ¶ 33).[1]

Plaintiff asserts claims for: (1) Breach of the MJI Note against MJI; (2) Breach of the Guaranty against Campbell; (3) Unjust Enrichment against Defendants based on the MJI Indebtedness; (4) Attorneys' Fees and Expenses pursuant to O.C.G.A. § 13-1-11 against Defendants under the MJI Note; (5) Breach of the Campbell Note against Campbell; (6) Unjust Enrichment against Campbell based on the Campbell Indebtedness; and (7) Attorneys' Fees and Expenses pursuant to O.C.G.A. § 13-1-11 against Campbell under the Campbell Note.

---

[1]     Plaintiff alleges also that Campbell breached her obligations under the Campbell Note by failing to pay the note on or before its maturity date.  (Id. ¶ 36-37).  Plaintiff alleges that the Campbell Indebtedness, as of January 30, 2014, totals $93,390.19, exclusive of Plaintiff's attorneys' fees and collection costs.  (Id. ¶ 39).

On February 10, 2014, Plaintiff filed its Return of Service, showing that on February 5, 2014, MJI was served with the Summons and Complaint by service on Campbell, MJI's sole member, and that Campbell also was served in her individual capacity.  On February 28, 2014, Plaintiff filed its Motion for Clerks' Entry of Default Against Both Defendants [6] after Defendants failed to respond to the Complaint.  On the same day, Campbell filed her Suggestion of Bankruptcy [7], in which Campbell states that this case is automatically stayed pursuant to 11 U.S.C. § 362 "as to all proceedings against Pollyann S. Campbell."  (Suggestion of Bankruptcy at 1).  On March 3, 2014, the Clerk entered default against both Defendants.[2]

On April 15, 2014, Plaintiff filed its Motion.  Plaintiff seeks default judgment on both liability and damages against MJI – but not Campbell – for MJI's failure to respond to the Complaint.  (Motion at 1-2)  Plaintiff requests judgment in the principal amount of $72,015.07, plus accrued and unpaid interest through April 9, 2014 of $6,941.97, late fees of $1,551.14, and attorneys' fees and costs in the amount of $11,843.55, for a total indebtedness of $92,351.73.  (Id. at

---

[2]     Plaintiff filed its Motion for Clerks Entry of Default Against Both Defendants prior to Campbell filing her Suggestion of Bankruptcy.  While the Clerk's entry of default against Campbell may not have been proper, the entry of default against MJI, a non-debtor, was appropriate.  Plaintiff is currently seeking default judgment against only MJI.

2-3; Exhibit B of the Motion [8-2] at 6).  Plaintiff also requests additional interest from April 10, 2014, through the date of judgment at a per diem rate of $32.0067,[3] and post-judgment interest at the rate provided by Federal law.  (Motion at 2-3). The Motion is supported by the sworn affidavits of Samuel B. Zeigler [8-1], an attorney for Plaintiff, and Richard B. Spink [8-2], a Senior Vice President for Plaintiff.

In addition to default judgment against MJI, Plaintiff requests a final judgment be entered against MJI pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  (Brief in Support of Motion [8-4] at 5-8).  MJI did not respond to the Motion.

## II.    DISCUSSION

### A.    Motion for Default Judgment

#### 1.    Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure governs the entry of default judgments:

(1) *By the Clerk*.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

---

[3]    The per diem rate, including the fractional cent, is set forth in the Motion and supporting affidavits.

(2) *By the Court*.  In all other cases, the party must apply to the court for a default judgment. . . .  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:

    (A)    conduct an accounting;

    (B)    determine the amount of damages;

    (C)    establish the truth of any allegation by evidence; or

    (D)    investigate any other matter.

Fed. R. Civ. P. 55(b).

"The entry of a default judgment is committed to the discretion of the district court . . . ."  Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2685 (1983)). "In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint." Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

    2.    <u>Analysis</u>

Plaintiff has asserted a breach of contract claim against MJI.[4]  Under Georgia contract law, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom."  TDS Healthcare Sys. Corp. v. Humana Hosp. Illinois, Inc.,

---

[4]    Plaintiff's unjust enrichment claim against MJI is in the alternative to its breach of contract claim.

880 F. Supp. 1572, 1583 (N.D. Ga. 1995); see also Budget Rent-A-Car of Atlanta,

Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996).

Plaintiff alleges that MJI breached the MJI Note by failing to pay the MJI

Note on or before its maturity date.  Plaintiff states that, because of MJI's breach, it

was damaged in the amount of $78,957.04 in accrued principal and interest,

$1,551.14 in late fees, plus $32.0067 of accrued daily interest from April 10, 2014,

through the date judgment is entered.[5]  These allegations, which the Court deems

admitted, are sufficient to show breach of the MJI Note by MJI and to show that

Plaintiff is entitled to judgment in the amount of $87,645.67,[6] exclusive of

attorneys' fees.  See TDS, 880 F. Supp. at 1583; see also Eagle Hosp. Physicians,

LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("defendant,

by his default, admits the plaintiff's well-pleaded allegations of fact.") (quoting

Nishimatsu Constr. Co., v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

1975)).

---

[5]     Two Hundred Twenty-Three days have passed between April 10, 2014 and
the date of this Order, for a total amount of accrued interest of $7,137.49.

[6]     The Court notes that, despite being in default, MJI retained the right to
contest the amount of Plaintiff's damages.  See Gulf Coast Fans, Inc. v. Midwest
Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984).  MJI did not do so, and
the Court thus considers the amount of Plaintiff's damages to be unopposed.  See
Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (holding
that, under Rule 7.1(B) of the Court's Local Rules, "a party's failure to respond to
any portion or claim in a motion indicates such portion, claim or defense is
unopposed").

Plaintiff also has asserted a claim for attorneys' fees and expenses against MJI pursuant to O.C.G.A. § 13-1-11.  Section 13-1-11 requires a person who defaults under a note:

> to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity . . .  up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness

O.C.G.A. § 13-1-11(a)(1).

Plaintiff alleges that the MJI Note provides for the payment of attorneys' fees and costs in the event of a breach of the MJI Note, in the amount of fifteen percent of the outstanding principal and interest due.  (Complaint ¶ 53; MJI Note [Exhibit A of Complaint] at 1).  Plaintiff further alleges that, as of April 9, 2014, the attorneys' fees and costs to which it is entitled totals $11,843.55, which constitutes fifteen percent of the $78,957.04 in accrued principal and interest due under the MJI Note.  (Motion at 2-3; Exhibit B of the Motion at 6).  These allegations, which the Court deems admitted, are sufficient to show that Plaintiff is

entitled to judgment in the amount of $11,843.55, in attorneys' fees and costs.[7]

See Eagle, 561 F.3d at 1307.

The Court concludes that Plaintiff is entitled to default judgment against

Defendant MJI on its breach of contract claim, and claim for attorneys' fees and

costs, in the total amount of $99,489.22.

B.    Rule 54(b) Certification

1.    Legal Standard

Under Federal Rule of Civil Procedure 54(b), the Court may enter final

judgment on claims against fewer than all defendants.  Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a
> claim, counterclaim, crossclaim, or third-party claim--or when
> multiple parties are involved, the court may direct entry of a final
> judgment as to one or more, but fewer than all, claims or parties only
> if the court expressly determines that there is no just reason for delay.
> Otherwise, any order or other decision, however designated, that
> adjudicates fewer than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as to any of the
> claims or parties and may be revised at any time before the entry of a
> judgment adjudicating all the claims and all the parties' rights and
> liabilities.

Fed. R. Civ. P. 54(b).  The Court is required to make two findings to certify an

order adjudicating the claims of fewer than all defending parties under Rule 54(b).

---

[7]    As noted above, MJI did not contest the amount of Plaintiff's damages, and
the Court considers the amount to be unopposed.  See Kramer, 306 F. Supp. 2d at
1221.

The Court must first determine if the decision represents a "final judgment" on the claims presented.  Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007); Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).  To qualify as a "final judgment," the Court's decision must be "'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief."  Lloyd Noland Found., 483 F.3d at 777 (internal quotations omitted); accord Brandt v. Bassett (In re Se. Banking Corp.), 69 F.3d 1539, 1547 (11th Cir. 1995).

If the Court determines that its decision is a final judgment, it then must also determine that there is "no just reason" to delay certifying the order as final and immediately appealable.  Curtiss-Wright, 446 U.S. at 8.

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.  It [is] therefore proper for the District Judge [] to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Id. (internal citations omitted).

2.    Analysis

Plaintiff argues that the first prong of the analysis is satisfied because if the Court grants Plaintiff default judgment against MJI for breach of the MJI Note and for its claim for attorneys' fees and costs, all pending claims against MJI will have been adjudicated, and the default judgment against MJI will be a final one.  (Brief in Support of Motion at 6-7).  The Court agrees.  The Court has ordered judgment on all of Plaintiff's claims against MJI, dismissing MJI from the remaining action between Plaintiff and Campbell, and thus the first prong of the Rule 54(b) analysis is met.  See Brandt v. Bassett (In re Se. Banking Corp.), 69 F.3d 1539, 1547 (11th Cir. 1995) (a judgment is final if "the judgment disposes entirely of a separable claim or dismisses a party entirely.").

Plaintiff also asserts that there is no reason to delay the entry of final judgment against MJI.  Plaintiff argues that the judgment against MJI is by default, and MJI should not be allowed additional time to dissipate assets that could be used to satisfy the judgment.  Plaintiff argues further that if MJI appeals the judgment, the impact on the Eleventh Circuit will be minimal.  The Court agrees. The claims and issues the Eleventh Circuit would need to address if MJI appeals are "separable from the others remaining to be adjudicated," because the judgment against MJI is by default.  To the extent that Campbell emerges from bankruptcy

11

and this case proceeds, she will be entitled to respond to the Complaint and any appeal of Plaintiff's claims against Campbell may be on the merits.  See Curtiss-Wright, 446 U.S. at 8.  Campbell's liability, if any, in her individual capacity is based on separate, distinguishable claims.  The Eleventh Circuit will not be required to decide the same issues more than once.  See id.

III.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** Plaintiff's Motion for Default Judgment as to MJI, LLC [8] **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant MJI, LLC in the amount of $99,489.22.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Entry of Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) as to Defendant MJI, LLC is **GRANTED**.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

12

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this action until the lifting of the bankruptcy stay for the claims against Defendant Pollyann S. Campbell.

**SO ORDERED** this 20th day of November, 2014.